# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

**TERRELL MICKLES,**
**# 11733003,**

    **Plaintiff,**

vs.                                                        Case No. 1:24cv024-AW-MAF

**ALABAMA SUPREME COURT,**
**MISSOURI, VIRGINIA, and IOWA,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff is a federal prisoner, currently incarcerated in Coleman, Florida. He initiated this case by submitting a pro se, hand-written document entitled, "ineffective assistance." ECF No. 1. The one-page document was a jumble of disconnected words, incomplete sentences, and was nonsensical. An Order was entered on February 1, 2024, informing Plaintiff that his intent in submitting the document was far from clear. ECF No. 3. Moreover, Plaintiff was informed that if he wanted to proceed with the case, he must either pay the $405.00 filing fee or file an in forma pauperis motion. ECF No. 3. Plaintiff was given until **March 1, 2024**, to

comply.  *Id.*  In addition, Plaintiff was required to file a proper complaint on the Court form as required by the Local Rules of this Court.  *See* N.D. Fla. Loc. R. 5.7(A). *Id.*

As of this date, Plaintiff has not complied.  Plaintiff did submit a copy of a letter sent to him from the United States District Court for the District of Nevada, ECF No. 4, along with mail from the I.R.S. and an unexplained handwritten page from Plaintiff which is not responsive to the prior Order.

At this point, Plaintiff has not paid the filing fee, did not submit an in forma pauperis motion, and has not clarified his intention with this case.  Plaintiff was informed that if he did not want to continue this case, he should file a notice of voluntary dismissal.  ECF No. 3.  He did not do so, but he also did not comply.  Plaintiff was warned that his failure to comply would result in a recommendation to dismiss this case.  ECF No. 3. Dismissal is now appropriate.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order.  *See* <u>Ciosek v. Ashley</u>, No. 3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015).  The Court has inherent power "to dismiss sua sponte for lack of prosecution" as

Case No. 1:24cv024-AW-MAF

courts must necessarily have authority "to manage their own affairs . . . ." Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1.  Furthermore, the Eleventh Circuit Court of Appeals has noted that "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."  Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).  It is within this Court's discretion and "inherent authority" to dismiss this case for failing to comply with a court Order.  Smith v. Bruster, 424 F. App'x 912, 915 (11th Cir. 2011).  Here Plaintiff was forewarned and did not respond to a Court Order.  Because Plaintiff failed to comply, dismissal is appropriate.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on March 12, 2024.

 S/    Martin A. Fitzpatrick  
**MARTIN A. FITZPATRICK**  
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**